Tucker, P.
There is no evidence in this case, but Dudley’s contract of guaranty; for as to the bill of interpleader, which it was contended was evidence, there is no pretence for so considering it. The case then is clearly against the claimants, Beers, Booth Sf St. John, since the answer of Dudley’s administrator admits nothing. More need not be said: yet I will add, that taking the facts to be as stated in the answer of Beers, Booth &f St. John, they had no title to recover. For the guaranty itself appearing to be without consideration, and having been subsequent to the contraction of the debt, and without any promise of extended credit, it was void, and Dudley was under no obligation to fulfil the engagement it implied. The guaranty may, therefore, be thrown out of the case; and then it is the naked case of a man directing another verbally to pay the debt of a third person out of his funds, without consideration. Such direction is void; and though, if complied with before countermand, the party could not complain, yet it may be countermanded at any time. Had Spooner paid over the money to Beers, Booth f St. John, or had he so far bound himself to them in consequence of the *157 order, as to be irrevocably fixed for the debt to them, the payment would have been valid against Dudley. But having never paid, or bound himself to pay, Dudley had in his lifetime, and his administrator now has, full power to retract.
If Dudley had been bound for the debt, and had directed Spooner to pay, there would be more reason to regard the direction as irrevocable; particularly if Spooner had promised payment to the creditor. Then it would have resembled the case of Sharpless v. Welsh, 4 Dall. 279. There, the person giving the direction was the actual debtor, and the person receiving it made an express promise to apply the fund as directed: here, the party was no debtor, and there was no promise. There, the court held, that the debtor had made an appropriation of his funds to pay his debts to his creditors, which appropriation he could not revoke: here, he directs an appropriation, without consideration, to pay the debt of another, over which direction he had a complete power of revocation, until the money was actually paid. That has never yet been done.
The other judges concurred. Decree affirmed.